

# IN THE
# TENTH COURT OF APPEALS

No. 10-10-00452-CV
No. 10-10-00453-CV
No. 10-10-00454-CV

## IN THE INTEREST OF
## L.A.M., JR., J.L.L., W.H., J.M.L. AND A.A.L., CHILDREN,

From the 12th District Court
Madison County, Texas
Trial Court Nos. 09-11990-012-09, 09-11991-278-09 and 09-11992-012-09

## MEMORANDUM OPINION

The memorandum opinion of the Court in Cause No. 10-10-452-CV dated March 21, 2012 is withdrawn, and the following memorandum opinion is substituted therefor.

Maurice L. is the biological father of J.M.L. and was also the permanent managing conservator of L.A.M., Jr., J.L.L., W.H., and A.A.L. The Texas Department of Family and Protective Services filed three suits for protection of the children, and the cases were tried to one jury. Based upon the jury verdict, the trial court entered a final

order terminating Maurice's parental rights to J.M.L. and naming the Department as permanent managing conservator of all the children.[1]

Maurice filed a motion for new trial and a statement of points or issues to be presented on appeal as required by TEX. FAM. CODE ANN. § 263.405 (b) (West 2008). The trial court held a hearing and found each point to be frivolous. Maurice appealed from trial court's determinations. The trial court did not allow Maurice a copy of the complete reporter's record. Maurice argued that he was entitled to a full record on appeal based upon his claim of ineffective assistance of counsel. On July 6, 2011, this Court entered an order for the court reporter to prepare a full record from the trial and for the parties to file new briefs once the record was filed.

After the preparation of the full record, Maurice filed a brief in which he raises a single issue on appeal arguing that he received ineffective assistance of counsel. In Texas there is a statutory right to counsel for indigent persons in parental-rights termination cases. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). The statutory right to counsel in parental-rights termination cases embodies the right to effective counsel. *Id*. We apply the standard set out in *Strickland v. Washington* in determining whether counsel provided effective assistance of counsel. *Id*. To determine if trial counsel rendered ineffective assistance, we must first determine whether counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

---

[1] Maurice is the only appellant in this appeal.

Maurice lists eight complaints as the basis for his claim of ineffective assistance of counsel:

1. Counsel should have asked for recusal of the trial judge, based on her bias;
2. Counsel did not protect Appellant from litigants who named him a child molester;
3. Counsel should have objected to a jury shuffle by anyone other than him;
4. Counsel should have objected when the court allowed the children to testify with their backs to Appellant;
5. Counsel should have called witnesses on Appellant's behalf to testify about Appellant's character and reputation and the character and reputation of trial witnesses;
6. Counsel was not prepared for trial;
7. Counsel did not ensure Appellant had a trial free from perjury;
8. The cumulative effect of Counsel's errors caused an improper verdict and a deprivation of Appellant's due process rights.

A brief must provide a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1 (i). Maurice does not provide any analysis or authorities supporting his claim of ineffective assistance of counsel. Maurice has not shown that his trial counsel's performance fell below an objective standard of reasonableness.

With respect to whether counsel's performance in a particular case is deficient, we must take into account all of the circumstances surrounding the case, and must primarily focus on whether counsel performed in a "reasonably effective" manner. *In re M.S.*, 115 S.W.3d 534, 545. We must give great deference to counsel's performance, indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," including the possibility that counsel's actions are strategic. *Id.* It is only when "the conduct was so outrageous that no competent

attorney would have engaged in it," that the challenged conduct will constitute ineffective assistance. *Id.* Maurice has not shown that counsel's decisions were not based upon sound trial strategy. Maurice has further not shown that the result of the proceeding would have been different but for counsel's performance. We overrule Maurice's sole issue on appeal.

The judgments of the trial court are affirmed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed March 28, 2012
[CV06]